## L. C. TIBBETTS AND WIFE *v.* J. B. SUMMERS.

**Process—Service in Another State—Jurisdiction.**

Another state can not acquire jurisdiction of the person of a citizen of Kentucky by the service of summons on him within the territorial limits of the state of Kentucky.

**Judgment—Summons by Foreign Court.**

A judgment rendered in another state against a citizen of this state upon a summons served within the territorial limits of this state, without appearance by defendant, is void and can not be the basis of an action in this state.

**Judgment—Jurisdiction—Summons by Foreign Court.**

Before a judgment in personam rendered by a court of another state can be treated as prima facie evidence of the existence of a debt or legal liability, it must appear, not only that the defendant

has been afforded. an opportunity to make defense, but in · case he fails to appear and make defense, that the court had jurisdiction; notwithstanding his failure to proceed to judgment without such appearance.

### Limitation of Actions—When not Raised by Demurrer.

In an action on a judgment rendered in another state, the statute of limitations can not be made available upon demurrer, unless the petition shows not only sufficient lapse of time, but also the non-existence of any ground of avoidance.

#### APPEAL FROM GALLATIN CIRCUIT COURT. ·

December 11, 1873.

Opinion by Judge Lindsay:

The courts of this state cannot recognize the right or power of a court of a sister state to acquire jurisdiction of the person of a citizen and resident of this state, by the service of summons within our territorial limits. The summons sued out on the petition of Tibbetts and wife to revive the judgment of the Court of Common Pleas for Hamilton County in the state of Ohio was served, if at all, within the county of Gallatin in this state, the defendant, Summers, being at that time a resident of said county.

We do not deem it necessary to inquire into the laws of Ohio upon this subject. The laws of that state do not operate within the territorial limits of Kentucky; and citizens and residents of Kentucky cannot be compelled by an Ohio statute to submit themselves to the jurisdiction of the Ohio courts, unless they are served with process within the. territory over which the state has jurisdiction.

The judgment of revivor may authorize the seizure and sale of such of appellee's property as can be reached by the process of the court in which it was rendered; but as the court could not acquire jurisdiction of his person by notice given him in Kentucky, and as he did not appear and make defense, or in any way submit himself to its jurisdiction, such judgment cannot be made the foundation of an action in this state.

Before a judgment *in personam* rendered by a court of a sister state can be treated as *prima facie* evidence of the existence of a

debt or legal liability, it must appear not only that the defendant has been afforded an opportunity to make defense, but in case he fails to appear and make defense, that the court had jurisdiction, notwithstanding his failure to proceed to judgment without such appearance. The Court of Common Pleas for Hamilton County did not have this jurisdiction, in the suit against appellee, because he was not a citizen of Ohio, and because its process had not been executed within the territorial limits of that state. It follows, therefore, that for all the purposes of this case the judgment of November, 1871, should be treated as a nullity.

The general demurrer, however, should have been overruled. It does not appear that the judgment of November, 1850, has ever been satisfied, and there is nothing upon the face of the record tending to impeach the validity of that judgment.

The record of the proceedings in the Ohio court is properly authenticated; and the averments of the petition, unanswered, authorize the relief for which appellants pray.

This is not a case in which the statute of limitations can be considered upon demurrer. If appellee desires to avail himself of the benefit of the statute, he must plead it in an action upon a judgment or decree of a court of the United States, or a territory of the United States. It is not necessary, although the petition may disclose facts tending to show that the action is barred by time, to state matter taking the case out of the operation of the statute. In an action like this, time does not operate as a peremptory bar, and limitation can not be made available, upon demurrer, unless the petition shows not only a sufficient lapse of time, but also the non-existence of any ground of avoidance. *Rankin v. Turney*, 2 Bush. 555. The court below erred in sustaining the general demurrer.

Wherefore the judgment dismissing appellants' petition is reversed and the cause remanded with instructions to overrule the demurrer, and to require the appellee to answer, or upon his failure to do so, to render judgment conformable to the prayer of the petition.

*J. M. Collins, S. S. Carpenter, for appellants.*

*Landram, for appellee.*